**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| **NATASHA GAMMOH ZIAD,** ) | **COMPLAINT FOR ISSUANCE OF** |
| **6003 Dawson Drive,** ) | **WRIT OF MANDAMUS AND/OR** |
| **Liberty Township, OH 45044,** ) | **DECLARATORY JUDGMENT** |
| ) | |
| **and** ) | **CIVIL ACTION NO. _____** |
| ) | |
| **ZIAD ANTON SALEH HATER,** ) | **ALIEN NUMBER: A079684948** |
| **Mousa Al Nahar Street,** ) | |
| **P.O. Box 143663,** ) | **AGENCY CASE NUMBERS: ATH-** |
| **Amman, 11814, Jordan,** ) | **WF-4815; AMM2003258004** |
| ) | |
| **Plaintiffs,** ) | **REQUEST FOR ORAL ARGUMENT** |
| ) | |
| **v.** ) | |
| ) | |
| **JOHN F. KERRY, Secretary, U.S.** ) | |
| **Department of State, in his official** ) | |
| **capacity, as well as his successors** ) | |
| **and assigns,** ) | |
| **2201 C Street, N.W.,** ) | |
| **Washington, D.C.  20520,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **MICHELE THOREN BOND, Assistant** ) | |
| **Secretary, Bureau of Consular** ) | |
| **Affairs, U.S. Department of State, in** ) | |
| **her official capacity, as well as her** ) | |
| **successors and assigns,** ) | |
| **2201 C Street, N.W.,** ) | |
| **Washington, D.C.  20520,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **ALICE G. WELLS, U.S. Ambassador** ) | |
| **to the Hashemite Kingdom of Jordan,** ) | |
| **U.S. Embassy to the Hashemite** ) | |
| **Kingdom of Jordan, U.S. Department** ) | |
| **of State, in her official capacity, as** ) | |
| **well as her successors and assigns,** ) | |
| **Abdoun, Al-Umawyeen Street 32,** ) | |
| **Amman, 11118, Jordan,** ) | |
| ) | |
| **and** ) | |
| ) | |

**STEPHANIE T. WILLIAMS, Deputy**  )
**Chief of Mission, U.S. Embassy to the** )
**Hashemite Kingdom of Jordan, U.S.** )
**Department of State, in her official** )
**capacity, as well as her successors** )
**and assigns,** )
**Abdoun, Al-Umawyeen Street 32,** )
**Amman, 11118, Jordan,** )
 )
   **and** )
 )
**IAN HOPPER, Chief, Consular** )
**Section, U.S. Embassy to the** )
**Hashemite Kingdom of Jordan, U.S.** )
**Department of State, in his official** )
**capacity, as well as his successor** )
**and assigns,** )
**Abdoun, Al-Umawyeen Street 32,** )
**Amman, 11118, Jordan,** )
 )
   **and** )
 )
**JOHN DOE, Officer, Immigrant Visa** )
**Unit, U.S. Embassy to the Hashemite** )
**Kingdom of Jordan, U.S. Department** )
**of State, in his official capacity, as** )
**well as his successor and assigns,** )
**Abdoun, Al-Umawyeen Street 32,** )
**Amman, 11118, Jordan,** )
 )
   **and** )
 )
**JEH CHARLES JOHNSON, Secretary,** )
**U.S. Department of Homeland** )
**Security, in his official capacity as** )
**well as his successors and assigns,** )
**245 Murray Lane, S.W.,** )
**Building 410,** )
**Washington, D.C.  20528,** )
 )
   **and** )
 )
**ERIC HOLDER, Attorney General of** )
**the United States, in his official** )
**capacity as well as his successors** )
**and assigns,** )
**U.S. Department of Justice,** )
**950 Pennsylvania Avenue, N.W.,** )
**Washington, D.C. 20530-0001,** )
 )
   **and** )

| | |
|---|---|
| **LEON RODRIGUEZ,  Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, in his official capacity, as well as his successors and assigns, 20 Massachusetts Avenue, N.W., Washington, D.C. 20529,** | ) ) ) ) ) ) ) ) ) ) |
| **and** | ) ) |
| **JAMES B. COMEY, Director, Federal Bureau of Investigation, U.S. Department of Justice, in his official capacity, as well as his successors and assigns, 935 Pennsylvania Avenue, N.W., Washington, D.C.  20535** | ) ) ) ) ) ) ) ) |
| **and** | ) ) |
| **JOHN S. PISTOLE, Administrator, U.S. Transportation Security Administration, U.S. Department of Homeland Security, in his official capacity, as well as his successors and assigns, 601 12th Street S, Arlington, VA 22202,** | ) ) ) ) ) ) ) ) ) ) |
| **Defendants**. | ) ) |

## COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS AND/OR DECLARATORY JUDGMENT

**To the Honorable Judge of Said Court**:

COMES NOW, Plaintiffs, Natasha Gammoh Ziad ("Plaintiff-wife") and Ziad Anton Saleh

Hater ("Plaintiff-husband"), through their undersigned counsel, and allege as follows:

### I.     INTRODUCTION

1.     This civil action seeks to compel government action which has been

unreasonably delayed on the Form DS-230, Application for Immigrant Visa and Alien

Registration ("DS-230 Application") properly filed by Plaintiff-husband on or about December 15, 2005. This Application was filed and remains in the jurisdiction of U.S. Department of State ("DOS"), which has improperly withheld action for **more than 800 days, or over two years and two months**, to Plaintiffs and their children's detriment.

2.      The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

3.      This action seeks injunctive and mandamus relief to compel DOS to adjudicate Plaintiff-husband's DS-230 Application.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See,* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

4.      Plaintiffs have made inquiries with DOS at the U.S. Embassy in Amman, Jordan ("Amman Embassy") regarding the delayed adjudication of Plaintiff-husband's DS-230 Application, without success.  Plaintiffs have not been advised of any specific problem, issue, or question regarding this filing.  Instead, Plaintiffs have simply been told that Plaintiff-husband's Application is being subjected to further review and that he will have to wait, indefinitely, with no end in sight.

5.      As a result, Plaintiffs and their children suffer the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

6.      This action seeks to compel the DOS to complete the administrative processing, including various checks and clearances, which may be contributing to the unreasonably delayed adjudication of Plaintiff-husband's Application.

7.      This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiff-husband's National Name Check Program ("NNCP"), Integrated Automated Fingerprint Identification System ("IAFIS"), and National Crime Information Center-III Index Records ("NCIC-III") administrative processing clearances and security checks, which may be contributing to the unreasonably delayed adjudication of his DS-230 Application.

8.      Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject DS-230 Application within thirty (30) days of an Order of this Court.

9.      Plaintiffs are entitled to attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II.  JURISDICTION

10.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) ("INA") (including 8 U.S.C. §§1151, 1154, 1201, 1202 and1204); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III.  VENUE

11.     Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1), because:

a.  Defendant Secretary John Kerry is an officer of the DOS and is responsible for the operation of DOS, which is headquartered in the District of Columbia.  The DOS is responsible for consular services including the adjudication of visa applications along with administrative processing of various clearances and checks before issuance of visas. Defendant Kerry performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia.

b.  Defendant Assistant Secretary Michele Thoren Bond is an officer of the DOS and is responsible for the Bureau of Consular Affairs, subject to the discretion of Defendant

Kerry, who resides in the District of Columbia. Defendant Bond is responsible for formulating and implementing policies related to visa issuance and consular services and for the supervision of consular officers.  Defendant Bond performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia.

c. Defendant Ambassador Alice G. Wells is an officer of the DOS and is responsible for overseeing the United States Embassy to the Hashemite Kingdom of Jordan, subject to the discretion of Defendant Kerry, who resides in the District of Columbia.

d. Defendant Deputy Chief of Stephanie T. Williams is an officer of the DOS and is responsible for overseeing the United States Embassy to the Hashemite Kingdom of Jordan, subject to the discretion of Defendant Kerry, who resides in the District of Columbia.

e. Defendant Consul Ian Hopper is the Chief of the Consular Section for the Amman Embassy. He is charged with overseeing the granting and refusal of visas, and supervising the staff of the Consular Section, subject to the discretion of Defendants Kerry and Bond, who reside in the District of Columbia.

f. Defendant Officer John Doe is an officer of the DOS and is responsible for interviewing immigrant visa candidates and granting and refusing immigrant visa applications at the Amman Embassy, subject to the discretion of Defendants Kerry and Bond, who reside in the District of Columbia.

g. Defendant Secretary Jeh Johnson is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of DHS and sub-agency USCIS, which are both headquartered in the District of Columbia. The functions of the DHS include performing clearances for the DOS of visa applicants through records and databases controlled by DHS. Defendant Johnson performs a significant amount of his official duties in the

District of Columbia and resides, for purposes of venue, within the District of Columbia;

h.   Defendant Attorney General Eric Holder is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia, and is responsible for the operation of DOJ. The functions of the DOJ include performing clearances for the DOS of visa applicants through records and databases controlled by DOJ. Defendant Holder performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

i.   Defendant Leon Rodriguez is an officer of the DHS and is the Director of USCIS, which is headquartered in the District of Columbia.  The functions of the USCIS include performing clearances on behalf of DOS for visa applicants through various record systems and databases. Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

j.   Defendant James Comey is an officer of the DOJ and is the Director of the FBI.  The functions of the FBI include performing clearances for the DOS of visa applicants through record systems and databases. Defendant Comey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

k.   Defendant John S. Pistole is an officer of the DHS and Administrator of the U.S. Transportation Security Administration ("TSA").   The functions of the TSA include administration of the Traveler Redress Inquiry Program ("TRIP"), which allows individuals to request U.S. government review of their problems at travel screening locations at U.S. ports of entry.  Defendant Pistole performs a significant amount of his official duties in Arlington, VA and the District of Columbia, subject to the discretion of Defendant DHS Secretary Johnson, who resides, for purposes of venue, within the District of Columbia;

l.   A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DOS, DHS, USCIS, and FBI, which are all headquartered in the District of Columbia; and

m.   Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Secretary or Director, who is similarly located within the District of Columbia.[1]

12.   Due to the decentralized nature of DOS and USCIS case processing, which allows for the transfer of immigrant benefit Petitions and Applications to any DOS or USCIS facility located anywhere in the world, at any time, venue is only appropriate in the District Court for the District of Columbia.

## IV.   PARTIES

13.   Plaintiff-wife, Natasha Gammoh Ziad, is an adult individual who is a citizen of the United States and maintains a permanent residence in the United States at 6003 Dawson Drive, Liberty Township, OH 45044.  *See*, Exhibit A.

14.   Plaintiff-husband, Ziad Anton Saleh Hater, is Mrs. Natasha Gammoh Ziad's spouse and is an adult individual who is a national of Jordan and currently resides at Mousa Al Nahar Street, P.O. Box 143663, Amman 11814, Jordan.

15.   Defendant John Kerry is the Secretary of the DOS, and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

with overseeing DOS, which includes U.S. Embassies and their consular operations. He is further authorized to delegate certain powers and authority to subordinate employees of the DOS.  DOS is headquartered at 2201 C Street, N.W., Washington, D.C.  20520.

15.     Defendant Michele Thoren Bond is the Assistant Secretary of the DOS Bureau of Consular Affairs, and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with formulating and implementing policies related to visa issuance and consular services and the supervision of consular officers.   DOS is headquartered at 2201 C Street, N.W., Washington, D.C.  20520.

16.     Defendant Alice G. Wells is the United States Ambassador to the Hashemite Kingdom of Jordan, and this action is brought against her in her official capacity only, as well as her successors and assigns.   She is charged with overseeing all aspects of the Amman Embassy. The Amman Embassy is headquartered at Abdoun, Al-Umawyeen Street 32, Amman, 11118, Jordan.

16.     Defendant Stephanie T. Williams is the Deputy Chief of Mission to the Amman Embassy, and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with overseeing all aspects of the Amman Embassy. The Amman Embassy is headquartered at Abdoun, Al-Umawyeen Street 32, Amman, 11118, Jordan.

17.     Defendant Ian Hopper is the Chief of the Consular Section for Amman Embassy, and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the granting and refusal of visas, and supervising the staff of the Consular Section.   The Amman Embassy is headquartered at Abdoun, Al-Umawyeen Street 32, Amman, 11118, Jordan.

18.     Defendant John Doe is an Officer of the Immigrant Visa Unit at the Amman Embassy, and this action is brought against him in his official capacity only, as well as his successors and assigns.   He is charged with interviewing immigrant visa applicants and

granting and refusing visas.  The Amman Embassy is headquartered at Abdoun, Al-Umawyeen Street 32, Amman, 11118, Jordan.

19.     Defendant Jeh Johnson is the Secretary of the DHS, and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing DHS, which includes sub-agency USCIS, and with implementing the INA.  He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

20.     Defendant Eric Holder is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA. More specifically, Mr. Holder is responsible for overseeing the timely completion of all requests made for security administrative processing clearances and security checks, including screenings by the FBI's National Name Check Program, which is mandated by Executive Order No. 10450.  Presently, every intending immigrant must pass at least FBI NNCP, IAFIS, and NCIC-III screenings before his or her DS-230 Application can be approved.   The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530-0001.

21.     Defendant Leon Rodriguez is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.   USCIS is specifically assigned the adjudication of the Form I-130, Petition for Alien Relative ("I-130"). USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

22.     Defendant James B. Comey is the Director of the FBI, and is named herein only in his official capacity, as well as his successors and assigns. His duties include ensuring timely completion of all requests made for security administrative processing clearances and security

checks, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

23.      Defendant John S. Pistole is the Administrator of the TSA, and is named herein only in his official capacity, as well as his successors and assigns. His duties include oversight of the administration of the TRIP program, which allows individuals to request U.S. government review of their problems at travel screening locations at U.S. ports of entry. The TSA is headquartered at 601 12th Street S, Arlington, VA 22202.

## V.      STATEMENT OF THE CASE

### A.      Process to Become a Lawful Permanent Resident

24.      An alien intending to immigrate to and reside in the U.S. must complete a two-step process to become an LPR based on a family relationship.

25.      First, an I-130 Petition is filed by the U.S. Citizen or LPR relative on behalf of the alien.  *See* 8 U.S.C. §1151(b)(2)(A)(i) and 8 U.S.C. §1154(a)(1)(A)(i).  The U.S. citizen or LPR is referred to as the "petitioner" on the case. The intending immigrant is referred to as the "beneficiary" of the I-130 petition.  Defendant USCIS examines evidence filed with the petition to determine eligibility for the benefit requested.  Once it is determined that the criteria of eligibility are established, the I-130 Petition is approved.  *See,* 8 U.S.C. §1154(b).

26.      The second stage requires the intending immigrant to proceed with the process of applying for adjustment of status in the U.S. or applying for an immigrant visa if they are outside the U.S.  If the intending immigrant is going to apply for an immigrant visa abroad, at a U.S. Embassy or Consulate, Defendant USCIS forwards the approved I-130 Petition to Defendant DOS.  *See* 8 U.S.C. § 1154(b).  The approved I-130 Petition is sent to the National Visa Center of the Department of State for processing of the second stage, *i.e.*, the Immigrant visa application on the Form DS-230.  *See,* 8 C.F.R. §204.2(a)(3).  *See also,* 9 Foreign Affairs

Manual[2] ("FAM") 42.41 N4.2-1, and Adjudicator's Field Manual[3] § 21.2(b)(1)(B).

27.    The National Visa Center issues the intending immigrant an "Instruction Package" requesting that they submit the Immigrant Visa application fee, completed Form DS-230 Parts I and II, and supporting documentation of eligibility for an immigrant visa based upon the approval of the I-130 Petition.  *See,* 9 FAM 42.41 N13.3; and 9 FAM 42.63 Procedural Notes.  *See also,* 22 C.F.R. §§ 42.63, 42.64, 42.65, and 42.66.

28.    The INA provides numerical limits on the number of aliens who may be issued immigrant visas or admitted to the United States as LPRs.  *See,* 8 U.S.C. §1151(a).  The Department of State's monthly Visa Bulletin determines what immigrant visas are currently available to aliens.  *See,* 9 FAM App. D, 405 Numerical Control.  However, the spouses of U.S. Citizens are exempt from the numerical limitations imposed on other aliens under 8 U.S.C. §1151(b)(2)(A)(i).  Therefore, a visa is always available for issuance to an eligible spouse of a U.S. Citizen.

29.    Once Defendant DOS concludes that the intending immigrant is documentarily qualified and that a visa number is available, an appointment is scheduled with the Consular officials at the particular U.S. Embassy or U.S. Consulate with jurisdiction over the place of residence abroad, *i.e.*, Consular district.  *See,* 9 FAM 42.63 PN4.1-1(a).  *See also,* 22 C.F.R. §42.61(a).

30.    The intending immigrant then appears at the designated Consular district to be interviewed by a Consular Officer who determines eligibility for the requested immigrant visa. *See,* 22 C.F.R. §42.62; and 9 FAM 42.62 N1.

31.    Once an interview is completed and the intending immigrant has been questioned and documentation of eligibility reviewed, the Consular Officer must issue or refuse the visa.  However, there are different types of refusals.  An intending immigrant may be refused

---

[2] The Foreign Affairs Manual is the agency guidance manual for officers and employees of the DOS.
[3] The Adjudicator's Field Manual is the agency guidance manual for officers and employees of USCIS.

under 8 U.S.C. §1182(a) due to a finding by the Consular Officer of factual inadmissibility (a so-called "hard" refusal) or under 8 U.S.C. §1201(g) (a so-called "soft" refusal).  *See,* 22 C.F.R. §42.81(a); and 9 FAM 42.81 N1.

32.     For example, an intending immigrant would be refused under 8 U.S.C. §1182(a)(9)(B) if the Consular Officer found that the applicant had been unlawfully present in the United States in excess of either 180 days or one year before departing.  *See,* 9 FAM 42.81 N3(1) and (2).  In such an instance, the Consular Officer would advise the intending immigrant that a waiver of inadmissibility is available pursuant to 8 U.S.C. §1182(a)(9)(B)(v) by filing Form I-601, Application for Waiver of Grounds of Inadmissibility with Defendants DHS and USCIS. *See,* 9 FAM 40.6 *See also* 8 C.F.R. §103.7(b)(1)(i)(AA); and 8 C.F.R. §212.7(a)(1).

33.     If, however, the intending immigrant is admissible, but the Consular Officer cannot issue the Immigrant visa because the results of administrative processing clearances are still pending, then he or she is directed to refuse the visa pursuant to INA § 221(g) until such time as a final determination is made regarding the intending immigrant's eligibility under the INA.  *See,* 9 FAM 42.81 N3(4); and 22 C.F.R. §42.81(b).

34.     When an intending immigrant is refused and applies for a waiver of inadmissibility, he is to notify the Consular Officer of the action being taken.  *See* 22 C.F.R. §42.81(b).  Then, once the waiver of inadmissibility is granted by Defendants DHS and USCIS, the intending immigrant notifies the Consular Officer of his eligibility for issuance of the visa.  At that time, the Consular Officer may ask for additional documentation to ensure the present validity of such evidence as the medical examination or the police clearance certifications.  *See,* 22 C.F.R. §42.81(e).

35.     The Consular Officer must then proceed with a decision to issue or refuse the visa with citation to a specific section of the INA.  *See,* 22 C.F.R. §42.81(b).

**B.     Case History**

36.     Plaintiff-wife is a citizen of the United States.  *See*, Exhibit A.

37.     Plaintiff-husband is a citizen of Jordan.  *See,* Exhibit B.

38.     Plaintiff-wife and Plaintiff-husband were married on August 12, 2003, in Jordan. *See*, Exhibits A and B.

39.     On or about September 15, 2003, Plaintiff-wife, a USC, filed an I-130 Petition for Plaintiff-husband at the Amman Embassy.  The I-130 was assigned Receipt Number ATH-WF-4815 and classified as an "Immediate Relative" or "IR" petition, pursuant to INA § 201(b).  On February 7, 2005, the I-130 petition was approved by USCIS at the U.S. Embassy in Athens, Greece.  The approval notification sent to Plaintiff-wife indicated that the approved Petition would be forwarded to the Amman Embassy for further processing.  *See*, Exhibit C.

40.     After the petition was received by DOS, Plaintiff-husband submitted his Form DS-230, Application for Immigrant Visa on December 15, 2005 and appeared for an interview at the Amman Embassy the same day, as a visa number was immediately available.  Plaintiff-husband was issued a form 221(g), told that he had to apply for an I-601 Application for Waiver of Grounds of Inadmissibility,[4] and the immigrant visa case was placed in administrative processing.  *See*, Exhibit A and Exhibit D.

41.     On or about August 5, 2009, Plaintiff-husband filed his Form I-601 Waiver application and Form I-212 Application for Permission to Reapply for Admission into the U.S. after Deportation or Removal, at the Amman Embassy.  *See*, Exhibit E.

42.     The I-601 Waiver and I-212 Application were approved by DHS and USCIS on September 29, 2012 and October 23, 2012 respectively.  *See*, Exhibit F and Exhibit G.

43.     At the time that Plaintiff-husband filed his I-601 and I-212 applications, and when these two applications were approved, his Immigrant Visa Application was still pending at the Amman Embassy.  *See*, Exhibit A and Exhibit D.

---

[4] Plaintiff-husband was deported from the U.S. on or about March 30, 2003, for being unlawfully present in the U.S. from March 21, 2001 to March 29, 2003.  Based on this overstay and his subsequent deportation, he was inadmissible to the U.S. under INA §§ 212(a)(9)(B)(i)(II) (unlawful presence) and 212(a)(9)(A)(ii) (alien previously removed).  *See*, Exhibit G.

44.      Plaintiff-wife and Plaintiff-husband have completed all steps and complied with all Amman Embassy requests regarding Plaintiff-husband's Immigrant Visa Application.

**C. Security Checks and Clearances**

45.      Once any application for a visa is filed, including a DS-230 Application, DOS is responsible for conducting mandatory criminal and security background checks before an application can be completed.  This administrative processing generally takes about sixty (60) days.  *See,* Exhibit H.  The clearances that this administrative processing produces include the Consular Lookout and Support System ("CLASS"), IAFIS, NNCP, and NCIC-III.  *See,* Exhibit I. *See also,* 9 FAM 42.62 PN1 to PN3.

46.      Once any application for an immigration benefit is filed, including a DS-230 Application, the FBI conducts mandatory criminal and national security background checks before an adjudication of the petition or application is completed.  These security checks include the FBI Name Check, which is part of the NNCP, IAFIS, and NCIC-III.  *See,* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit J.

47.      In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found.  *See,* Exhibit J, page 2.

48.      The FBI processes NNCP checks chronologically, based on the date the request was forwarded.  Initial responses to the NNCP check are generally available within two (2) weeks.  In eighty percent (80%) of Applications, no "match" or derogatory information is found. Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months. *See,* Exhibit J, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

49.      The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours.  Of the remaining cases, a secondary

check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases.  Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information.  *See,* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as Exhibit K.

      D.     **Exhaustion of Administrative Remedies**

      50.     On or about January 6, 2014, Plaintiff-wife contacted U.S. Senator Sherrod Brown to inquire about the status of Plaintiff-husband's visa application.  She received an email response from the Senator's Office on or about January 21, 2014, which shared a response from the Consular Section of the Amman Embassy stating, "This case is still pending administrative processing.  We understand it has been a very long time.  We will send an expedite request today."  Plaintiff-wife followed-up with Senator Brown's office by email at least eight (8) times.  She received additional responses from Senator Brown's office on or about May 6, 2014 and September 3, 2014, both of which stated that Plaintiff-husband's visa application remained in "administrative processing."  *See,* Exhibit A; Exhibit B; and Exhibit L.

      51.     On or about January 27, 2014, Plaintiff-wife submitted a request to the DHS TRIP program, to inquire as to the status of Plaintiff-husband's visa application.  She received a response from TRIP on or about April 7, 2014, which stated "Security procedures and legal concerns mandate that we can neither confirm nor deny any information about you which may be within Federal watch lists or reveal any law enforcement sensitive information.  However, we have made any corrections to our records that our inquiries determined were necessary, including, as appropriate, notations that may assist in avoiding incidents of misidentification."  *See*, Exhibit A; Exhibit B; and Exhibit M.

      52.     In April 2014, Plaintiff-wife requested assistance from U.S. Congressman John Boehner, for help with Plaintiff-husband's visa application. She received a response in May 2014, requesting a signed Privacy Act Release form, which was submitted.  Congressman

Boehner's office sent Plaintiff-wife letters in May, June and August 2014 that included quotations from communications received from the Amman Embassy, all of which essentially stated that Plaintiff-husband's visa application remained in "administrative processing."  *See*, Exhibit A; Exhibit B; and Exhibit N.

53.     On or about April 29, 2014, Plaintiff-wife emailed the Immigrant Visa Unit, Consular Section of the Amman Embassy, to directly inquire about the status of Plaintiff-husband's visa application.  The following day, she received a response noting that her husband's visa application was still in administrative processing and that the Amman Embassy had not yet received a final approval for visa issuance from the U.S. Department of State and U.S. Department of Homeland Security.  *See*, Exhibit A; Exhibit B; and Exhibit O.

54.     There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

## VI.  CLAIMS FOR RELIEF

### Count I

### (Violation by DOS of 5 U.S.C. §555(b))

55.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

56.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See,* 5 U.S.C. §702.  Agency action includes a failure to act.  *See,* 5 U.S.C. §551(13).

57.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

58.     A court may "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

59.     Under the APA, DOS and its officers and employees have a mandatory, non-discretionary duty to complete the adjudication of Plaintiff-husband's DS-230 Application, and to

do so within a reasonable time.

60.     Under the INA and DOS regulations, DOS, through its sub-agency U.S. Embassies, Ambassadors, Deputy Chiefs of Mission, and Consular officials have a mandatory, non-discretionary duty to adjudicate Plaintiff-husband's DS-230 Application.  *See,* 8 U.S.C. §§1201 (providing a consular officer with the authority and responsibility to issue an immigrant visa), 1202 (providing aliens with the opportunity to apply for immigrant visas), and 1204 (providing a consular officer with authority to issue an immigrant visa to the spouse of a U.S. Citizen), and 1182(b) (requiring a written refusal stating the factual and legal basis of ineligibility).  *See also,* 22 C.F.R § 42.81 (making issuance or refusal mandatory), 9 FAM 42.81 N2 (requiring written notice of denial pursuant to 8 U.S.C. § 1182(b)), 9 FAM 42.81 PN1.1 (requiring consular official to give alien written denial with legal and factual basis for ineligibility).

61.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Application, not the grant or denial of this filing.

62.     DOS has a mandatory, ministerial, non-discretionary duty to complete administrative processing clearances through other agencies such as DHS/USCIS and DOJ/FBI in such databases as CLASS, NNCP, IAFIS, and NCIC-III.  *See e.g., §* 140(c) of P.L. 103-236, the Foreign Relations Authorization Act, FY1994 and FY1995.  *See also,* 9 FAM 42.62 PN2 and PN3.

63.     Based on DOS's own published information, most administrative processing is resolved within sixty (60) days.  *See,* Exhibit H.  The Amman Embassy indicates that most administrative processing should be completed within five (5) months of the visa interview.  *See,* Exhibit P.  However, the Amman Embassy and the Defendants have not indicated when or whether administrative processing will be completed for Plaintiff-husband's DS-230 Application.

64.     DOS's delay in the adjudication of Plaintiff-husband's DS-230 Application of over 800 days (over two years and two months) since the subject case was approvable is unreasonable and in violation of the APA.

65.     Plaintiffs have exhausted administrative remedies.

66.     DOS's unreasonable and unlawful delay in adjudication of Plaintiff-husband's DS-230 Application has caused, and is causing, Plaintiffs ongoing and substantial injuries.


**Count II**

**(Mandamus Action to Compel an Officer of DOS to Perform his Duty)**

67.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

68.     Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

69.     DOS and its consular officers and employees have a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff-husband's DS-230 Application.  *See e.g.,* 8 U.S.C. §§1201 (providing a consular officer with the authority and responsibility to issue an immigrant visa), 1202 (providing aliens with the opportunity to apply for immigrant visas), and 1204 (providing a consular officer with authority to issue an immigrant visa to the spouse of a U.S. Citizen), and 1182(b) (requiring a written refusal stating the factual and legal basis of ineligibility).  *See also,* 22 C.F.R § 42.81 (making issuance or refusal mandatory), 9 FAM 42.81 N2 (requiring written notice of denial pursuant to 8 U.S.C. § 1182(b)), 9 FAM 42.81 PN1.1 (requiring consular official to give alien written denial with legal and factual basis for ineligibility).

70.     DOS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiff-husband's DS-230 Application within a reasonable time.

71.     DOS has a mandatory, ministerial, non-discretionary duty to complete administrative processing clearances through other agencies such as DHS/USCIS and DOJ/FBI in such databases as CLASS, NNCP, IAFIS, and NCIC-III.  *See e.g., §* 140(c) of P.L. 103-236, the Foreign Relations Authorization Act, FY1994 and FY1995.  *See also,* 9 FAM 42.62 PN2 and PN3.

72.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject DS-230 Application, not the grant or denial of this filing.

73.     The Immigration and Nationality Act indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits is within 180 days of initial filing.   *See,* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application).

74.     Based on DOS's own published information, most administrative processing is resolved within sixty (60) days or, in delayed cases at the Amman Embassy, within five (5) months.  *See,* Exhibit H and Exhibit P.  However, neither DOS nor its Amman Embassy provide any further information about administrative processing for immigrant visa applicants like Plaintiff-husband.  *See,* Exhibit H.

75.     Against these standards, DOS and its officers and employees have failed to adjudicate the subject DS-230 Application within a reasonable period of time, considering that over eight hundred (800) days have passed since Plaintiff-husband's DS-230 Application was ready for adjudication, based on the approval of his Form I-601 Waiver and Form I-212 Application.

76.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty, since Plaintiffs have contacted DOS and its officers and employees without results or indication of when adjudication of this case might be forthcoming.

77.     Plaintiffs ask the Court to compel DOS Secretary John Kerry, Assistant Secretary Michele Thoren Bond, Ambassador Alice G. Wells, Deputy Chief of Mission Stephanie T. Williams, Consular Section Chief Ian Hopper, and Officer John Doe of the Amman Embassy Immigrant visa Unit to perform their duty and adjudicate Plaintiff-husband's DS-230 Application.

78.     DOS's and its officers' and employees' unreasonable and unlawful delay in adjudication of the subject DS-230 Application has caused, and is causing, Plaintiffs ongoing and substantial injury.

## Count III

### (Violation by DOJ/FBI of 5 U.S.C. §555(b))

79.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

80.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See,* 5 U.S.C. §702.  Agency action includes a failure to act.  *See,* 5 U.S.C. §551(13).

81.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

82.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

83.     Defendant FBI has a mandatory, non-discretionary duty to complete all NNCP name checks.  *See e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

84.     Defendant FBI has a mandatory, non-discretionary duty to complete NNCP name checks within a reasonable time.

85.     Plaintiffs' Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP, IAFIC, and NCIC-III checks on the subject DS-230 Application, not the grant or denial of this filing.

86.     Defendant FBI's delay in completing the NNCP, IAFIC, and NCIC-III checks is unreasonable and therefore in violation of the APA, considering that Plaintiff-husband's DS-230 Application has been pending for over eight hundred (800) days, which is far in excess of the average time it takes the FBI to complete a name check.

87.     Defendant FBI's unreasonable delay in completing the NNCP, IAFIC, and NCIC-III checks for the subject DS-230 Application is preventing adjudication by DOS and its officers and employees.

88.     Plaintiffs have exhausted their administrative remedies.

89.     The FBI's unreasonable and unlawful delay in completion of the NNCP, IAFIC, and NCIC-III checks for the subject DS-230 Application has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## Count IV

### (Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)

90.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

91.     Plaintiffs assert a claim for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

92.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP, IAFIC, and NCIC-III checks for the subject DS-230 Application.  *See e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

93.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP, IAFIC, and NCIC-III checks for the subject DS-230 Application within a reasonable time.

94.     Plaintiffs have a clear and certain right to have the NNCP, IAFIC, and NCIC-III checks for the subject DS-230 Application completed within a reasonable period of time.

95.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the completion of the NNCP, IAFIC, and NCIC-III checks, and adjudication of the subject DS-230 Application, not the grant or denial of this case.

96.     The FBI has failed to complete the NNCP, IAFIC, and NCIC-III checks on the subject DS-230 Application within a reasonable period of time, considering that over eight hundred (800) days have passed since Plaintiff-husband's subject Application was ready for

adjudication, after the approval of his Form I-601 Waiver and Form I-212 Application.  This time period is far in excess of the average time it takes the FBI to complete a Name Check.

97.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty.

98.     Plaintiffs ask this Court to compel Defendants Attorney General Holder and FBI Director James B. Comey to complete the FBI NNCP, IAFIS, and NCIC-III administrative processing clearances and security checks on the subject DS-230 Application, which is required for the DOS and its officers and employees to adjudicate this DS-230 Application.

99.     The FBI's unreasonable and unlawful delay in completion of these checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.


## VI.     INJURIES TO PLAINTIFFS

100.     The DOS's unreasonable delay in completing the review of the DS-230 Application is causing Plaintiffs substantial harm.  Plaintiffs' ability to travel and work are restricted during the pendency of Plaintiff-husband's DS-230 Application.  Plaintiff-wife has been forced to fly to Jordan any time that she wants to visit Plaintiff-husband. Plaintiffs' children have been separated from their biological father for a number of years and are being denied the opportunity to be raised by both parents, due to the unreasonable delay on the part of the Defendants.

101.     DOS's unreasonable delays are preventing Plaintiffs from being united permanently as husband and wife and sharing a home with their biological children in the U.S. These delays are furthermore preventing Plaintiff-husband from becoming a LPR.  This status would provide Plaintiff-husband with the following benefits:  the right to remain lawfully in the U.S. without any time limit; the right to work in the United States, and the right to pursue U.S. Citizenship through naturalization. *See,* Exhibit A and Exhibit B.

**REMEDY SOUGHT**

102.    Plaintiffs seek to have this Court compel Defendants to properly complete their review of and adjudicate Plaintiff-husband's Form DS-230, "Application for Immigrant Visa and Alien Registration."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

a.  Accept jurisdiction and maintain continuing jurisdiction of this action;

b.  Conduct such hearings and examinations of Plaintiffs' claims for relief as necessary to determine that the relief requested by Plaintiffs is warranted as a matter of law;

c.  Declare Defendants' actions in the proceedings below as arbitrary and capricious, an abuse of discretion, and not in accordance with the law pursuant to 5 U.S.C. § 706(1);

d.  Issue a preliminary and permanent injunction pursuant to 2 U.S. C. § 1361 and 5 U.S.C. § 706(1), compelling Defendants to make a determination on Plaintiff-husband's Application for an Immigrant Visa.

e.  Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling Defendants to make a determination on Plaintiff-husband's Application for an Immigrant Visa;

f.  Grant Attorney's fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

g.  Grant such other relief as this Court may deem just and proper.

Respectfully submitted on this 24th day of December 2014.


/s/Aron A. Finkelstein, Esquire
U.S. District Court Bar # MD25560
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiffs